## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LINDSAY, | : | CIVIL ACTION NO. **1:CV-07-0808** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| TROY WILLIAMSON, WARDEN, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

Petitioner, James Lindsay, an inmate at the Lewisburg Federal Prison Camp, Lewisburg, Pennsylvania ("FPC-Lewisburg"), filed, *pro se*, this habeas corpus petition, pursuant to 28 U.S.C. § 2241, on May 2, 2007. (Doc. 1). Petitioner paid the filing fee. The Respondent, Warden Williamson, has not yet been served.[1] We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2] *See also Pacitti v. Lindsay*, 2006 WL 1274997 *1 (M.D. Pa.).

---

[1]We note that Petitioner names the correct Respondent since Williamson has custody over him. *See* 28 U.S.C. § 2242. Upon reviewing this habeas petition, since we are recommending the summary dismissal of this petition under Rule 4 foll. § 2254, we do not recommend that this petition be served on Respondent.

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**II. Claims of Habeas Petition.**

Petitioner has served 2 years and 3 months in prison on his federal sentence. (Doc. 1, p. 7). His BOP Custody Classification Form ("CCF") attached to his habeas petition indicates that, as of November 30, 2006, he has served "TIME SERVED .....: (3) 0-25%" of his federal sentence. His CCF also states "MOS REL. : 53", which we construe to state that he has to serve 53 months until his release. In his habeas petition, Petitioner challenges the BOP's refusal to transfer him to a CCC or placement on home confinement. (Doc. 1, p. 1). Petitioner claims that the BOP is "systematically ignoring the law of this circuit" by not making "its transfers (sic) decisions based on a good faith consideration as to whether to make CCC transfers without reference to the six months or ten percent rule." (Doc. 1, p. 2). Petitioner states that no reason is stated on his CCF, as required, for not following the recommendation of his point total. (*Id.*, p. 3). Petitioner states that the BOP failed to follow its rules "when it discovered what it had to do ... was transfer [Petitioner] to a lesser security level facility outside the six month limitation that this circuit found violated ([18 U.S.C. § ] 3621(b)." (*Id.*, p. 4).

Petitioner states that the BOP has failed to document the reason for not decreasing his custody level. Petitioner states that "[t]his failure to document why, and failure to lower custody levels and act accordingly is in clear violation of third circuit authority [*Woodall*]." (*Id.*, p. 5).

Petitioner indicates that he has not exhausted his BOP Administrative remedies with respect to his current habeas claim since "the Administrative remedy process is futile for the BOP cannot reasonably be expected to follow other rules if they have already violated the current rules." Petitioner also states since the "BOP rules merits (sic) home confinement now" in his case, "it is

futile to wait for Administrative remedy when the harm of being in wrong institution continues unabated." (*Id.*, p. 6). Petitioner requests this Court to "order his immediate transfer to home confinement." (*Id.*). He states that he does not require the transitional services offered by Community Confinement Center ("CCC") placement. (*Id.*). Petitioner also requests this Court to issue an injunction refraining the BOP from moving him outside of the Third Circuit jurisdiction and refraining the BOP from manufacturing infractions against him in order to place him in the special housing unit to prevent him from accessing this Court. (*Id.*, pp. 7-8).

### III. Discussion.

Petitioner seeks the Court to direct the BOP to immediately transfer him to home confinement pursuant to 18 U.S.C. § 3621(b)(5), regardless of the time he has already served and still has to serve. (*Id.*, pp. 6-7). Petitioner states that he has served 2 years and 3 months in prison. As stated, Petitioner's CCF indicates that he has served "0-25%" of his prison term. (Doc. 1, Att. 1). Petitioner's CCF seems to indicate that he has 53 months until his release. The BOP's Inmate Locator website, http://www.bop.gov/iloc2/InmateFinderServ, reveals that Petitioner's projected release date is May 14, 2011, which is about four (4) more years.[3] In his Habeas Petition, Petitioner seeks this Court to order his immediate transfer to home confinement. The authority provided by 18 U.S.C. § 3624(c) can be used to place an inmate in home confinement.

Petitioner relies upon *Woodall v. BOP*, 432 F. 3d 235 (3d Cir. 2005) and *Levine v. Apker*, 455 F. 3d 71 (2d Cir. 2006). Petitioner cites to *Woodall v. Federal Bureau of Prison*, 432 F. 3d 235

---

[3]The May 14, 2011 projected release date seems to coincide with Petitioner's November 30, 2006 CCF, which indicated that Petitioner had 53 months to serve until his release.

(3rd Cir. 2005), as support for his claim in his petition that the BOP failed to document the reason for not decreasing his custody level, and for his claim that he should be immediately transferred to home confinement. (*Id.*, pp. 3-5).[4]

In *Brown v. Hogsten*, 2007 WL 245114, * 2 (3d Cir.)(Non-Precedential), the Court stated:

> Contrary to Brown's assertions, *Woodall* does not require his immediate transfer to a CCC to serve the remainder of his sentence. Instead, *Woodall* prescribes the steps the BOP should take when considering "in good faith" a prisoner's placement in a CCC. The District Court correctly held that Brown is not entitled to immediate placement in any particular facility, including a CCC. *See Levine v. Apker*, 455 F.3d 71, 80 (2d Cir. 2006).

Specifically, Petitioner states that the BOP failed to follow its own rules when it discovered that it had to transfer him to a lesser security level prison outside the six-month time period *Woodall* found violated § 3621(b). (Doc. 1, p. 4). In *Woodall*, the Court held that "the BOP may transfer an inmate to a CCC or like facility prior to the last six months or ten percent of his sentence." 432 F. 3d at 251; *Brown v. Hogsten*, 2007 WL 245114, * 2 (3d Cir.)(Non-Precedential). The *Woodall*

---

[4]Petitioner's reliance on *Woodall v. BOP*, 432 F. 3d 235 (3d Cir. 2005), is premature. Initially, we note that *Pacitti, supra,* was decided after *Woodall*. In *Pacitti*, this Court found that an inmate was not eligible for consideration for CCC placement until he approached the end of his sentence. Further, *Woodall* held that the BOP had to consider the five factors set forth in 18 U.S.C. § 3621(b), and that the BOP must make decisions regarding transfers of an inmate to a CCC using these factors that Congress specified. *See Shellberg v. Lindsay*, 2006 WL 1149251 * 2 (M.D. Pa.). *Woodall* does not yet apply to our Petitioner since he is not yet near the end of his sentence, and he is not entitled to consideration for CCC placement by the BOP at this time. Once Petitioner nears the end of this term, the BOP, of course, must afford him a good faith consideration of CCC placement pursuant to the principles annunciated in *Woodall*. Thus, *Woodall* does not require sooner consideration for CCC placement. Rather, *Woodall* requires that when an inmate is eligible for CCC consideration, the BOP must adhere to the factors Congress established. *See also White v. Hogsten*, 06-1088, MD Pa., 2006 WL 187328 (M.D. Pa.); *Murray v. Miner*, 2007 WL 465141 (M.D. Pa.).

Court held that the BOP, when exercising its discretion, had to consider the factors stated in § 3621(b), and that "the BOP is required to 'to consider -- in good faith' whether to transfer an inmate to a CCC." *Brown*, at * 2 (Citation omitted).

Petitioner argues that exhaustion of his BOP administrative remedies would be futile since the BOP has chosen to ignore Third Circuit precedent and Congress' mandate. He states that exhaustion of his Administrative remedy process is futile since the BOP does not follow its other rules. Petitioner also states that his liberty is at stake since the "BOP rules merits [his] home confinement now." (*Id*., pp. 5-6).

Initially, we disagree that exhaustion would be futile in this case. As stated, Petitioner admittedly failed to fully exhaust his Administrative Remedies with the BOP under 28 C.F.R. § 542.10, *et seq.*, and he asserts that it would be futile to do so since he claims that the BOP does not follow its other rules, and since he is presently entitled to home confinement.[5]

Before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996). If a prisoner does not exhaust available remedies, the petition should be dismissed. *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL

---

[5] It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003). *See also Day v. McDonough*, 126 S. Ct. 1675 (2006)(court can raise a Petitioner's procedural default on its own initiative).

21635306 (5th Cir.).[6]

The Petitioner concedes that he has not exhausted his remedies and we do not find it would have been futile to have done so. Recently, in a habeas case similar to the present case, this Court noted in *Ahmed v. Lindsay*, 2006 WL 3308667, * 2, n. 3 (M.D. Pa.):

---

[6]In *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004), the Court stated as follows:

> Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. § 542.10-16 (1997) (and not pursuant to PLRA provisions § 1997e(a)) may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)).  The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna,* 27 Fed. Appx. 438, 2001 WL 14150759 (6th Cir. 2001). The judicially imposed non-statutory exhaustion of Bureau of Prisons administrative remedies for a federal prisoner seeking to bring a 28 U.S.C. § 2241 petition is set out at 28 C.F.R. §§ 542.10 - .16 (1987). Section 542.13(a) demands that an inmate informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy (BP-8 ½). If the inmate cannot informally resolve his complaint, then he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *See* § 542.13(b).  If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) that decision to the Office of General Counsel. *See* § 542.15.

> FN3. Even if the petition were not moot, Respondent's arguments
> are well-taken with regard to both exhaustion and the merits of
> the petition. While Petitioner argues that exhaustion is not required
> because it would be futile, the court disagrees. It appears clear
> that in the instant action Petitioner is challenging the specific
> application of 18 U.S.C. §§ 3621(b) and 3624(c) to his situation and not
> their validity. *See Woodall*, 432 F.3d 235 (3d Cir. 2005). The record
> fully supports the fact that Petitioner has not exhausted his claims
> through the BOP's administrative remedy program set forth in
> 28 C.F.R. § 542.10, *et seq*.

Thus, since Petitioner admits that he did not exhaust his BOP Administrative remedies, we recommend that his habeas petition be summarily dismissed pursuant to Rule 4.

Moreover, on the merits of this habeas petition, we find that it should be summarily dismissed. This Court recently considered similar habeas petitions in the cases of *Pacitti, supra, and Murray, supra,* as well as *Brown v. Hogsten,* 2006 WL 2038377 (M.D. Pa.). In *Pacitti*, the Petitioner sought this Court to transfer him to a CCC to serve the remainder of his sentence until his release date in 2011. *Id.* at * 1. As stated, Petitioner Lindsay's release date is also 2011. This Court summarily dismissed the habeas petition under Rule 4 foll. § 2254. This Court stated as follows:

> Petitioner has no right to CCC placement one year prior to
> release, even though the BOP has discretion under 18 U.S.C. § 3621(b)
> to place him in such a facility at any point in his prison term. While
> Congress has mandated CCC placement for federal prisoners,
> consideration of such placement is not required until the last
> six months of incarceration. The statutory mandate for
> placement of an inmate in pre-release custody near the end
> of his sentence is set forth in 18 U.S.C. § 3624(c), which in pertinent
> part provides:
>
> > The Bureau of Prisons shall, to the extent practicable,
> > assure that a prisoner serving a term of imprisonment
> > spends a reasonable part, not to exceed six months, of the

>     last 10 per centum of the term to be served under
>     conditions that will afford the prisoner a reasonable
>     opportunity to adjust to and prepare for the prisoner's
>     re-entry into the community. The authority provided by
>     this subsection may be used to place a prisoner in home
>     confinement.

*Id.* * 2.

The *Brown* Court concluded:

>     Under this provision, Petitioner could receive a six (6) month
>     stay in a CCC. However, <u>Petitioner is not eligible for
>     consideration under § 3624(c) until he approaches the end
>     of his term.</u> Therefore, since Petitioner is not entitled to
>     placement in any particular facility at this time, his petition
>     for writ of habeas corpus will be summarily dismissed under
>     Rule 4 of the Rules governing habeas corpus petitions.

*Id.* * 2. (Emphasis added).

More recently in *White, supra*, this Court again held that Petitioner White was not eligible for consideration for CCC placement until he approached the end of his term. Petitioner White's term did not expire until July 18, 2007. Petitioner Brown's term did not expire until July 13, 2016. This Court in *Brown* stated that a Unit Team did not prepare a release plan and did not make any decision as to Brown's amount of CCC placement since it will not take place until 11 to 13 months before his projected release date. *Brown v. Hogsten,* 2006 WL 2038377 , * 2. This Court in *Brown* stated that "at this point in time, Brown is not entitled to placement in any particular facility, and his petition for writ of habeas corpus will be denied." *Id.*, * 3.

As in *Pacitti*, *White*, and *Murray*, our Petitioner is not eligible for consideration for CCC placement or home confinement until he approaches the end of his term. As stated, Petitioner's

8

term does not expire for 53 months, and he has served "0-25%" of his sentence.  Petitioner's projected release date is May 14, 2011.  Pursuant to *Pacitti, Murray and White*, consideration for CCC placement for a federal inmate is not required until the last six months of incarceration.  *Id.* * 2.  Our Petitioner has approximately 38 months remaining on his term.  Our Petitioner, as this Court held in *Pacitti*, *White* and *Murray*, is not entitled to consideration under § 3624(c) for CCC placement or home confinement placement until he approaches the end of his term.  *Id*.

Thus, we shall recommend that Petitioner Lindsay's Habeas Petition be summarily dismissed since he is not yet entitled to home confinement placement at this time.  *Id.*

## IV. Recommendation.

Accordingly, it is respectfully recommended that Petitioner Lindsay's Habeas Petition (Doc. 1) be summarily dismissed under Rule 4 of the Rules governing habeas corpus petitions for failure to exhaust his BOP Administrative remedies.  Alternatively, it is recommended that Petitioner Lindsay's Habeas Petition (Doc. 1) be summarily dismissed under Rule 4 since he is not yet entitled to CCC or home confinement placement at this time.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 22, 2007**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LINDSAY, | : | CIVIL ACTION NO. **1:CV-07-0808** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| TROY WILLIAMSON, WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 22, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              s/ Thomas M. Blewitt
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: May 22, 2007**