```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LINDSAY,                  :
        Petitioner
                                :

        vs.                     :    CIVIL NO. 1:CV-07-0808

                                :         (Judge Caldwell)
TROY WILLIAMSON, Warden
        Respondent              :    (Magistrate Judge Blewitt)
```

M E M O R A N D U M

On May 2, 2007, Petitioner James Lindsay, an inmate at Lewisburg Federal Prison Camp, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1). We are considering the Report and Recommendation of the Magistrate Judge (doc. 4) as well as Lindsay's objections to the report. (doc. 5). We will adopt a portion of the report and dismiss Lindsay's § 2241 petition for failure to exhaust administrative remedies.

Lindsay's habeas petition challenges the refusal of the Bureau of Prisons ("BOP") to transfer him from Lewisburg to either a Community Correctional Center ("CCC") or home confinement. (doc. 1). Lindsay has served two years and three months of his federal prison sentence and it appears that he has another fifty-three months until his release. (doc. 4, p. 2). According to Lindsay, his classification score, as calculated by the BOP, recommended his transfer to a CCC or home confinement. (doc. 1, p. 3). The § 2241 petition contends that the BOP

denied his transfer to such a facility without providing a basis for doing so. *Id.* at 5. Lindsay claims that the BOP's failure to examine applicable statutory factors in considering his transfer contravenes the Third Circuit's holding *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005).

The Magistrate Judge conducted an initial review of Lindsay's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, applicable to § 2241 petitions through Rule 1(b). The report concludes that Lindsay's petition should be dismissed for failure to exhaust administrative remedies. (doc. 4, p. 7). Second, with respect to the merits of Lindsay's claim, the report concludes that Lindsay "is not eligible for consideration for CCC placement or home confinement until he approaches the end of his term" pursuant to 18 U.S.C. § 3624(c).[1] *Id.* at 8.

Lindsay objects to each basis for dismissal offered by the report. He concedes that he did not exhaust administrative

---

[1] 18 U.S.C. § 3624(c) requires the BOP to place prisoners in community confinement, providing:

> (c) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

remedies for his claim but contends that exhaustion is an affirmative defense which inmates are not required to plead in their initial filing.  As support, Lindsay relies on *Jones v. Bock*, 549 U.S. ___, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), claiming that it contradicts the report's conclusion that "[i]t is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of remedies, in habeas cases, and it may do so sua sponte."  (doc. 5, pp. 4-5).[2]  He also challenges the Magistrate's interpretation of *Woodall*, claiming that the BOP should have considered the factors from 18 U.S.C. § 3621(b) in determining whether he was eligible for transfer to a CCC facility.[3]

---

[2]  In his objections to the Magistrate's report, Lindsay also claims that the BOP violated 18 U.S.C. § 1001(a)(3), a criminal statute regarding the making and use of false writings and 5 U.S.C. § 552a(e),(g), permitting a civil action for a government agency's failure to maintain particular records. (doc. 5, pp. 5-8).  We will not consider these claims because they are raised for the first time in Lindsay's objections to the report.  *Catanch v. Larkins*, No. 98-85, 1999 WL 529036, at *3 (E.D. Pa. July 23, 1999).

[3]  Under 18 U.S.C. § 3621(b), the BOP is vested with the authority to direct the location of an inmate's imprisonment or subsequent transfer to a different facility.  In making this determination, however, the statute lists factors for the BOP to consider.  The statute provides, in relevant part:

> (b) Place of imprisonment.  The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau *may* designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering--
>
> (1)   the resources of the facility contemplated;

3

We will adopt the report with respect to the failure to exhaust administrative remedies. A federal prisoner must exhaust his administrative remedies prior to filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). A district court may use its inherent power to dismiss, sua sponte, a complaint which concedes that the prisoner failed to exhaust his administrative remedies and which facially violates a bar to suit. *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002). *See also Sulaski v. Lindsay*, CV-06-2482, 2007 WL 1031457, at *1 (M.D. Pa. March 29, 2007) (Rambo, J.) (relying on *Ray* for sua sponte dismissal of an unexhausted § 2241 petition). Lindsay's reliance on *Jones*, *supra*, a recent Supreme Court case, is unavailing. As quoted in Lindsay's brief, the *Jones* Court concluded that "failure to exhaust is an affirmative defense *under the PLRA*." 127 S.Ct. at 921 (emphasis

---

(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. . . .

The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

4

added).[4]  The PLRA, however, does not apply to habeas corpus proceedings.  *Watkins v. Holt*, 177 Fed. Appx. 251, 253 n.4 (3d Cir. 2006) (nonprecedential) (citing *Booth v. Churner*, 206 F.3d 289, 295 (3d Cir. 2000); *Santana v. United States*, 98 F.3d 752, 756 (3d Cir. 1996)).  Therefore, *Jones* is not controlling in our analysis.

As noted, Lindsay concedes that he has not exhausted his administrative remedies, but argues that it would have been futile to do so.  (doc. 1, pp. 5-6).  Lindsay claims that pursuing administrative remedies would be futile because the BOP does not follow its rules and because he should not have to continue his incarceration in the wrong facility pending administrative review.  *Id*.  Thus, unless we find that it would be futile, Lindsay's conceded failure to pursue administrative remedies operates as a facial bar to consideration of his § 2241 petition.

In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542.  *See* 28 C.F.R. § 542.10, *et seq*.  Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and

---

[4] The PLRA is the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996).

(3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62.  Courts, however, have excused exhaustion when it would not promote these goals.  *See, e.g. Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (exhaustion excused upon petitioner showing futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights); *Carling v. Peters*, No. Civ. A 00-CV-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion excused where delay would subject petitioner to irreparable injury).

     Here, aside from Lindsay's allegation that he was refused transfer to a CCC and the attached custody classification form, there is no actual indication that Lindsay applied for a transfer, that BOP considered and denied a transfer, and that BOP did or did not apply the statutory factors for CCC transfer.  Lacking any factual record, we conclude that Lindsay is not excused from exhausting administrative remedies.

     Lindsay's second objection concerns the report's interpretation of *Woodall*.  Specifically, Lindsay claims that *Woodall* requires the BOP to consider the factors enumerated in 18 U.S.C. § 3621(b) each time it considers placing an inmate in a CCC, not only during the inmate's last six months or ten

percent of his sentence. (doc. 5, p. 4; doc. 1, p. 2). As we will dismiss Lindsay's § 2241 petition for failure to exhaust administrative remedies, we need not consider the merit of this argument.[5]

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge

Date: July 26, 1007

---

[5] We do note, however, that in *Kogan v. Lindsay*, No. 1:CV-06-0264, 2006 WL 1548855 (M.D. Pa. May 31, 2006), we considered a similar claim regarding *Woodall* and reached a different conclusion than the Magistrate Judge in the Report and Recommendation for this case. *Compare id.* at *3-*4, *with* doc. 4, pp. 7-9.

7

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMES LINDSAY,                    :
         Petitioner
                                  :

         vs.                      :    CIVIL NO. 1:CV-07-0808

                                  :       (Judge Caldwell)
TROY WILLIAMSON, Warden
         Respondent               :   (Magistrate Judge Blewitt)
```

O R D E R

AND NOW, this 26th day of July, 2007, upon consideration of the Report (doc. 4) of the Magistrate Judge, filed June 6, 2007, Petitioner's objections to the Report (doc. 5), and upon independent review of the record, based on the accompanying Memorandum, it is ordered that:

    1. The Magistrate's Report is adopted with respect to its discussion of Petitioner's failure to exhaust administrative remedies;

    2. The petition for writ of habeas corpus is denied;

    3. The Clerk of Court is directed to close this file.

                                         /s/William W. Caldwell
                                         William W. Caldwell
                                         United States District Judge